UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. JOHNSON,

    Plaintiff,

v.

ATLAS COPCO TOOLS & ASSEMBLY
SYSTEMS, INC.,

    Defendant.
                                      /

Case No. 04-73170

Honorable Nancy G. Edmunds

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [31]**

      This employment dispute comes before the Court on Defendant Atlas Copco Tools & Assembly Systems, Inc.'s motion for partial summary judgment seeking to dismiss Plaintiff David Johnson's claim of national origin discrimination. Defendant's motion is DENIED WITHOUT PREJUDICE.[1] Despite Defendant's claims otherwise, Plaintiff is not of Swedish ancestry, is not alleging a claim based upon citizenship, and has not testified that he has no factual basis for his claim of national origin discrimination.

**I.    Facts**

      Plaintiff worked for Defendant Atlas Copco and its predecessor from 1979 through August 31, 2002. (Am. Compl. ¶¶ 7, 14.) He alleges that Atlas Copco is a company owned and operated by Swedish nationals and is headquartered in Sweden. (*Id.* at ¶ 8.)

---

[1] This Court also denies Plaintiff's request for Rule 11 sanctions. As set forth under Fed. R. Civ. P. 11(c)(1)(A), "[a] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Plaintiff's Rule 11 sanction request was not filed in a separate motion.

Defendant responds that Atlas Copco Tools & Assembly Systems, Inc. is an indirect subsidiary of Atlas Copco AB and is located in Auburn Hills, Michigan. (Def.'s Resp. at 6.)

In 1990, Plaintiff became president of an Atlas Copco division known as "Assembly Systems." Then, in 1999, Frederik Moller, a Swedish national, became president of a companion division known as "Atlas Copco Tools." (Am. Compl. ¶¶ 9-10.)

In January 2001, the assembly and tool divisions merged. Plaintiff's position as president of the assembly division was eliminated, and he accepted the position of executive vice-president of marketing and business development in the motor vehicle industry. Johnson reported to Moller, who was approximately 32 years of age. (*Id.* at ¶ 11.)

Defendant responds that in this position, Plaintiff continued to receive the same salary, bonus and benefits that he had as president of the assembly systems. The offer to accept this position also included a severance package in the event that Plaintiff did not work out in his new position. Plaintiff accepted the offer and began his new position on January 2, 2001. (Def.'s Resp. at 7.)

In March 2002, Anders Hoberg, age 35, was hired by Moller as a consultant. Hoberg, who is also a Swede, had worked with Moller at Atlas Copco about ten years earlier. (Am. Compl. ¶ 12.)

On May 1, 2002, Moller told Plaintiff that he was being terminated from his position as executive vice-president of marketing and business. As a result of discussions with Moller, Plaintiff remained on the payroll until August 31, 2002, receiving his full salary and

2

benefits. (*Id.* at ¶ 13-14.) At the time of his termination, Plaintiff, age 50,[2] was earning a base pay of $195,000 per year, plus participation in a substantial bonus program which generated approximately $60,000 in annual bonuses, for a total compensation package of $250,000. Johnson also had a substantial fringe benefits package, including but not limited to, post-retiree medical insurance guaranteed for life, participation in a 401(k) program which included substantial employer match, pension pay credits or approximately 4% of his pay, pension interest credits of approximately 4.76% of his pay, and transition credits (resulting from a conversion from a defined benefit to a defined contribution retirement plan) in the amount of 6.75% of pay. (*Id.* at ¶ 16.)

Defendant responds that Plaintiff did not work out in his new position. In Fall 2001, he was told by Moller to look for a new position. On May 1, 2002, Moller notified him that he was going to be terminated. Although his termination did not occur until August 31, 2002, Plaintiff continued to receive his full salary and benefits from May 2002 to August 31, 2002. During this period, Plaintiff and Defendant engaged in extensive negotiations over the terms of a severance agreement, but no agreement was finalized. Accordingly, pursuant to the terms of a November 2000 Agreement, Plaintiff received a full payout of 12-months' salary, one year's benefits for pension and medical insurance, and outplacement assistance – $258,800 total. (Def.'s Resp. at 7; Def.'s Ex. A.)

In September 2002, Hoberg was hired as a regular employee and replaced Plaintiff. (Am. Compl. ¶ 15.)

---

[2]Plaintiff was born on June 27, 1952. (Compl. ¶ 3.)

On February 26, 2003, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he had been wrongfully terminated in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.* (Def.'s Ex. B.)  After investigating, the EEOC dismissed the charge and issued Plaintiff a Right to Sue Notice.  (Def.'s Ex. C.)

Plaintiff originally filed this suit on August 18, 2004, alleging both federal and state law claims of age discrimination.  On August 8, 2005, this Court granted Plaintiff's unopposed motion to amend his complaint to add a claim of national origin discrimination.

Plaintiff's amended complaint, filed on August 23, 2005, adds the additional claim of national origin discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and asserts that Atlas Copco discriminated against Plaintiff because of his national origin - United States – when it terminated him and replaced him with a Swedish national -- Anders Hoberg.  (Am. Compl. ¶¶ 29-30.)

This matter is presently before the Court on Atlas Copco's motion for partial summary judgment seeking to dismiss Plaintiff's claim of national origin discrimination.

**II.   Standard for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an

element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.   Analysis

Defendant argues that Plaintiff's claim of national origin discrimination must be dismissed because: (1) Plaintiff claims Swedish ancestry and thus cannot assert a claim based on national origin; (2) Plaintiff admitted at his first deposition and before his amended complaint was filed, that he was not making any claim that he was terminated because of his national origin; (3) his EEOC charge and original complaint do not assert a claim of national origin discrimination, and (4) Plaintiff reported to and worked with Swedish nationals while employed with Defendant. Defendant's arguments are without merit, and its motion for partial summary judgment is DENIED WITHOUT PREJUDICE.

First, as Plaintiff avers in his Affidavit, he was born in the United States as were his parents. His father's parents were born in Finland; not Sweden. At the time of his grandparents birth and immigration to the United States, Finland was ruled by Russia. Moreover, the family reunion he attended while employed with Atlas Copco was in Finland; not Sweden. (Pl.'s Ex. 1, Johnson Aff. at ¶¶ 2-3.)

Second, Plaintiff's deposition was taken twice. At the time of the first deposition, Plaintiff had not yet filed his amended complaint. Defense counsel questioned him about the claims alleged in his original complaint:

> Q. Let me show you what I've marked as Deposition Exhibit 1 which is a copy of the Complaint that you filed. Are you generally familiar with it?
>
> A. I have to look at it. Yes.
>
> Q. The way I read it, your claim is that you were terminated as a result of your age; is that right?
>
> A. Yes.
>
> Q. Now, I do want to ask you, there are some statements in there regarding some of the people involved are Swedish Nationals and you're an American citizen; is that right?
>
> A. Right.
>
> Q. You don't make any claim that you were terminated as a result of you being an American and those persons being Swedes, do you?
>
> A. No.
>
> Q. Let me get right to it. Tell me what the factual basis is for your claim that you were terminated as a result of your age.

(Pl.'s Ex. 2, 7/14/05 Johnson Dep. at 5.) Plaintiff was deposed a second time, on August 24, 2005, after his complaint was amended to add the claim of national origin

6

discrimination. He was not asked any questions concerning the factual basis of this newly asserted claim. (Pl.'s Ex. 1, Johnson Aff. ¶ 4.)

Despite Defendant's arguments to the contrary, Plaintiff did not admit at his first deposition that he had no factual basis to assert a claim of national origin discrimination. Rather, when taken in context, it is evident that he was merely admitting that there was no such claim asserted in his original complaint. That claim was subsequently added after this Court granted Plaintiff's unopposed motion for leave to amend his complaint. Defendant had the opportunity to discover the factual basis for this newly added claim at Plaintiff's second deposition. Its failure to do so cannot now be used to Plaintiff's disadvantage.

Third, that Plaintiff did not allege a claim of national origin discrimination in his EEOC charge or his original complaint does not entitle Defendant to summary judgment on that claim. As Defendant acknowledges, inclusion of such a claim in his EEOC charge is not a pre-requisite for alleging a violation of Michigan's ELCRA. (Def.'s Br. at 12, n.3.)

Finally, that Plaintiff reported to and worked with Swedish nationals does not preclude him from asserting a claim of national origin discrimination. Defendant cites no authority for this argument, and, as Plaintiff points out, these facts illustrate that genuine issues of material fact exist on this claim thus defeating Defendant's motion for summary judgment.

## IV. Conclusion

For the above-stated reasons, Defendant's motion for partial summary judgment is DENIED WITHOUT PREJUDICE.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager